No action can be maintained on a corrupt bargain.

3 N S   46
110   618
3NS     46
114   822

MULHOLLAN vs. VOORHIES.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The plaintiff charges, he purchased a tract of land at a sheriff's sale, for 1106 dollars, and gave his bond therefor at twelve months, in which the defendant joined him as his surety—it being understood they would be equally interested in the bargain, and afterwards agreed to take in Cleveland, as a copartner—that the land was afterwards sold for 3600 dollars, and the defendant received the proceeds of the sale, and undertook to take up the bond and pay to each of his associates their shares of the profits; that he has not paid the bond which has been put in suit against the plaintiff, whose property has been sold to pay a part of the judgment, &c.

The general issue was pleaded—there was a verdict, and judgment for 600 dollars against the defendant, and he appealed.

The statement of facts shows that Cleveland, the plaintiff's witness, deposed that "Mulhollan purchased the land for 1106 dollars—judge Voorhies was his surety—the deponent was sheriff. It was understood they

were to purchase the land together. *Mulhol-*
*lan told the deponent to knock it off to him, and the*
*deponent should have one third of of the benefit.* The
plaintiff told the deponent he sold the land for
3600 dollars in Wood's notes. The defendant
got an order for the notes and accounted to
the deponent for his share of the net profits,
after deducting the twelve months bond. The
profits were 833 dollars 33 cents, which fell to
the share of the deponent."

The bargain, which this witness discloses, is
so corrupt a one that it cannot be the ground
of an action, *ex turpi pacto non oritur actio.* The
plaintiff agreed with the parish judge, to avail
themselves of the distress of one of their fellow
citizens, whose property the sheriff was selling:
lest, *by crying too long* the property, others
might have the opportunity to bid and the bar-
gain should be rendered less profitable, the *she-
riff* was taken as a partner, and the plaintiff told
him *if he would knock off the land, to him* he would
have *one third part of the benefit.* This had its
effect. The land was knocked off at one third
part of the price, which the confederates soon
obtained, and the parish judge paid to the
sheriff 833 dollars 33 cents—nearly four-fifths
of the price, at which he had knocked off the
land.

MULHOLLAN
*vs.*
VOORHIES.

Now, the other confederate sues the judge for his 883 dollars thirty-three cents, and a part of the capital employed in the unrighteous trade. They, who come into court with such unclean hands, ought to be told *procul estote profani*, the temple of the justice of your country is the house of God—it should not be made a *den* of thieves.

The judge erred in sustaining the suit.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the suit be dismissed at the plaintiff's costs in both courts.

*Thomas* for the plaintiff, *Boyce* for the defendant.